**In the Interest of M.D.B., A Child,**

**J.A.B., Natural Father, Appellant.**

**No. 91–283.**

Court of Appeals of Iowa.

Aug. 27, 1991.

Chris E. McQueen of the Law Offices of Gary T. Gee, Shenandoah, for appellant father.

Bonnie J. Campbell, Atty. Gen., John Parmeter, and Kathrine S. Miller–Todd, Asst. Attys. Gen., for appellee State.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The child in question is a boy born April 4, 1985. His parents have never been married to each other. The child has a diagnosis of megaloencephaly with associated mild mental retardation and also suffers from a mild expressive language disorder. M.D.B. attended a preschool for handicapped children, receiving speech therapy three times a week.

The father, J.A.B., acknowledged paternity in 1987 and exercised visitation regularly thereafter. According to the natural mother, R.S., the visits with J.A.B. were stressful to M.D.B. R.S. reported M.D.B. was flustered and angry following his visits with his father. At times M.D.B. appeared to be reluctant to go with his father.

In May 1990, and again in October 1990, R.S. reported M.D.B. had bruises on his thighs and hip. R.S. contacted the Department of Human Services on October 29, 1990. She stated she believed M.D.B. had been abused by his father. She said she could not protect the child from his father, since she had been threatened by him in the past. R.S. also reported she could not control M.D.B.'s behavior. On November 13, 1990, R.S. checked into Lutheran Medical Center for treatment of depression and chemical dependency. Before entering the hospital, R.S. placed M.D.B. with his maternal aunt.

The aunt was unable to control M.D.B.'s behavior. On November 14, 1990, a petition was filed alleging M.D.B. was a child in need of assistance pursuant to Iowa Code sections 232.2(6)(b) and (k) (1989). A hearing was held on December 18, 1990.

The court filed its order on January 14, 1991. It held M.D.B. was a child in need of assistance pursuant to Iowa Code sections 232.2(6)(b) and (k). The court ordered M.D.B. be placed in therapeutic foster care. J.A.B. was ordered to obtain a psychiatric and psychological evaluation and undergo parent skill development. The court granted J.A.B. only supervised visitation with M.D.B.

R.S. was ordered to complete her program at a halfway house in Sioux City, to attend parent skill development. She was granted unsupervised visitation. M.D.B. was eventually removed from a foster home in Red Oak to a home in Sioux City.

On appeal J.A.B. contends M.D.B. is not a child in need of assistance pursuant to section 232.2(6) since there is no clear and convincing evidence of abuse. He contends neither the physician who examined the child nor the child abuse investigator testified at trial in regard to evidence of physical abuse. He further points out the bruises found on M.D.B.'s thighs and hip were not proved to have been inflicted while in J.A.B.'s care. He notes R.S. did not even notice the bruises until four days after M.D.B.'s return. J.A.B. maintains even if M.D.B. is a child in need of assistance, he is not in need of assistance pursuant to section 232.2(6) and such a finding does not serve the best interests of M.D.B. If anything, argues J.A.B., the child is in need of assistance due to the mother's depression and chemical dependency.

J.A.B. also asserts the trial court erred in placing M.D.B. in foster care, since there

was no evidence of child abuse other than the finding of two bruises. J.A.B. argues the court did not make a finding reasonable efforts had been made to avoid the need for removal of M.D.B. from the home.

■ Appellate review of a juvenile court's finding of a child in need of assistance is de novo. *In the Interest of J.R.H.*, 358 N.W.2d 311, 317 (Iowa 1984). Of paramount concern is the welfare and best interest of the child. *In the Interest of D.L.*, 401 N.W.2d 201, 202 (Iowa App.1986). In determining what is in the best interest of the child, the court necessarily looks at the present conditions and past performance "for that performance may be indicative of the quality of the future care that parent is capable of providing." *In the Interest of Dameron*, 306 N.W.2d 743, 745 (Iowa 1981). *See also, In re Loeffelholz*, 162 N.W.2d 415, 419 (Iowa 1968).

The appellate court must review the record to determine whether the finding of a child in need of assistance is supported by clear and convincing evidence. Iowa Code § 232.96(2) (1989). Although, on review, the court is not bound by the findings of the juvenile court, "we give weight to the juvenile court's findings of fact because the juvenile court has had the unique opportunity to hear and observe the witnesses first hand...." *In the Interest of S.V.*, 395 N.W.2d 666, 668 (Iowa App.1986).

## I. *CINA Adjudication for Physical Abuse.*

Iowa Code section 232.2(6) (1989) provides "child in need of assistance" means an unmarried child:

(b) Whose parent, guardian or other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child.

■ This Code provision allows for adjudication when a child has been physically abused. Our review of the record reveals there are two founded reports of physical abuse on M.D.B. by his father in 1990. In May 1990, the child told a physician his

father had caused a bruise on his hip. In October, the child told a physician that bruises on his thigh and leg were caused by his father.

The mother testified that the father had threatened her on several occasions in the presence of their son. The father admitted there had been violence between the parents. He also admitted that he had been convicted of several assaults.

We determine the juvenile court's CINA adjudication is amply substantiated by the record. Clear and convincing evidence supports the finding that M.D.B. had been physically abused or was imminently likely to be physically abused. We affirm on this issue.

## II. *Placement in Therapeutic Foster Care.*

■ J.A.B. next complains the child should have been placed with either himself or the paternal grandparents if the juvenile court's CINA adjudication is affirmed. His contention is grounded on Iowa Code section 232.102(4) (1989).[1] That section creates a rebuttable presumption the child's best interest is served by placement with the child's parent. *See In re M.H.*, 444 N.W.2d 110, 112 (Iowa App.1989).

However, our review of the record leads us to agree with the juvenile court's placement order. The court concluded the child had been physically abused or was likely to be physically abused. The juvenile court also found that the child's mother, for good cause, desired to be relieved of his custody while she completed a treatment program.

This child is a special needs child who needs special parenting. Because of his speech problems, he is difficult to understand. He receives speech therapy three days a week. He is verbal in his foster home, in the classroom, and with the social worker. However, he is not verbal during visitation.

Further, the child is fearful of his father. The mother reported difficulties with the visits to the father prior to the initiation of juvenile proceedings. The social worker witnessed similar problems after the child

---

1. This section is now Iowa Code § 232.102(5)    (1991).

was placed in foster care. There were two founded child abuse reports naming the father as perpetrator of physical abuse. The child has stated on three different occasions that he does not want to see his father. The social worker recommended that M.D.B. not be forced into visitation with his father. She further recommended a psychiatric evaluation of M.D.B. to determine if visits were in his best interests and a psychiatric evaluation and parent skill development training for the father.

The father told the mother that because of his lifestyle, he could not take care of M.D.B. At the adjudication/disposition hearing, the father argued for placement with the grandparents. The father offered no evidence in support of his argument that placement with the grandparents would be in the child's best interests. There does not appear to exist the warm relationship one might expect between grandparents and grandchild. Nor is there any assurance the father will not have unlimited contact with M.D.B.

In view of the child's response to his father, the child's special needs, and the father's physical abuse of the child, the court correctly held that the least restrictive placement for the child was therapeutic foster care. We affirm on this issue.

We note for the sake of the father this is not a final adjudication of his parental rights. The juvenile court ordered him to complete parental training. He must make reasonable progress in this training. Additionally, he must reform his habit patterns to become more peaceful and less violent. This court will not countenance abusive violence towards children. Assuming progress in the foregoing areas, and sustained work on his personal growth, J.A.B. may be able to obtain custody in the future at the regular CINA review hearings. *See* Iowa Code section 232.102(8).

We affirm the trial court on all issues.

Costs of this appeal taxed to appellant.

AFFIRMED.